UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

IN re:                                          )
                                                )
KATHY ELLEN RICHARDS               )          Chapter 7
                                                )          Case No. 21-40438-crm
Debtors                                         )

OBJECTION TO CLAIM OF EXEMPTION

Comes the Trustee, Mark Little and objects to the following claim of exemption by the

Debtor:

The Debtor, Kathy Ellen Richards claims a homestead exemption pursuant to 11 U.S.C.

§522 (d) (1) in the amount of $23,268.78 in the proceeds from the sale of her primary residence

located at 242 Lakewood Drive, Owensboro, Kentucky.  On August 20, 2021, the Debtor sold

her house to Lenaye Richards and executed a deed of conveyance at the closing.  After paying

off the mortgages on the house, the Debtor realized $36,793.60 from the sale. After paying

income taxes, attorney fees, and miscellaneous expenses, she had remaining $23,268.78 of the

proceeds on the date of filing of her bankruptcy petition. The proceeds are held in the escrow

account of Wilkey & Wilson, her attorneys.

The Debtor filed her petition for bankruptcy on August 26, 2021, six days after the sale

of her house.  On the day she filed her bankruptcy, the Debtor did not have any ownership

interest in the house and lot located at 242 Lakewood Drive, Owensboro, Kentucky and thus it

was not property of the bankruptcy estate pursuant to 11 U.S.C. §541 (a).

It is axiomatic in bankruptcy law a debtor cannot exempt property he or she does not

own or in which the debtor does not have an interest as of the date of filing their bankruptcy

petition: "No property can be exempted (and thereby immunized), however, unless it first falls

within the bankruptcy estate. Section 522 (b) provides that the debtor may exempt certain property "from property of the estate"; obviously, then, an interest that is not possessed by the estate cannot be exempted." _Owen v. Owen_, 500 U.S. 305, 308; 111 S. Ct. 1833; 1141 L. Ed. 2d 350 (1991).

Regarding a Trustee's objection to a debtor's claim of homestead exemption in a house the debtor no longer owns, other courts have sustained the Trustee's objection. In _Eagle v. Bank of Am._ (In re Eagle), the Eighth Circuit Bankruptcy Appellate Panel upheld the Trustee's objection to the Debtor's claim of a homestead exemption in property he transferred two days prior to the date of filing of his bankruptcy petition: "The Debtor transferred the Property prior to filing his bankruptcy petition. As of the petition date, the Debtor's only interest in the Property was that of a lessee.  The Debtor is not entitled to a homestead exemption in property he does not own." _Eagle v. Bank of Am._, 373 B.R. 609 (8th Cir. BAP 2007).

The 6th Circuit Bankruptcy Appellate Panel made a similar finding in a case in which the debtor claimed a homestead exemption in a house owned by a limited liability company of which the Debtor was the sole shareholder: "Thus, Debtor has no cognizable legal interest in any property owned by Gardina.  Accordingly, the Real Property does not constitute property of Debtor's estate and for that reason, she is not entitled to claim an exemption in same." _In re Breece_,  2013 Bankr. Lexis 203, 30, (6th Cir. BAP 2013); see also _In re Schmakel_, 2013 Bankr. Lexis 611, (Bankr. Ct N.D. Ohio 2013)

WHEREFORE, the Trustee objects to the Debtor's claim of a homestead exemption in the proceeds from the sale of her previous home; and all other relief to which he may appear entitled.

/s/ Mark Little
Mark Little, Trustee
1917 Versnick Drive
Madisonville, Kentucky 42431
(270) 821-0110
trustee@littlelawky.com

## CERTIFICATE OF SERVICE

In accordance with Local Rule 9036-1, I certify that on October 19, 2021 I sent a copy of the foregoing Objection to Claim of Exemption  to all parties who requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) First Class U.S. Mail if the Notice of Electronic Filing from this Court's  CM/ECF  system indicates that there are interested parties not deemed to have consented to electronic notice or service.

/s/ Mark Little
Mark Little