**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **KATHY ELLEN RICHARDS,** | ) | **Case No. 21-40438-crm** |
| | ) | **Chapter 7** |
| DEBTOR | ) | |
| | ) | |
| _____ | ) | |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Chapter 7 Trustee's Objection to Exemption *of Homestead* [D.E. 13] (the "Objection") and Kathy Ellen Richards' (the "Debtor") Response [D.E. 20] (the "Response") thereto. In the Objection, the Trustee argues that the Debtor cannot avail herself of the exemption contained in 11 U.S.C. § 522(d)(1) because she did not have an ownership interest in residential real property at the time she filed for bankruptcy relief. The Court agrees, and for reasons set forth more fully below, the Trustee's objection is sustained.

The relevant facts are not in dispute: on or about August 20, 2021, Debtor sold her house and lot located at 242 Lakewood Drive, Owensboro, Kentucky ("242 Lakewood"), and executed a deed of conveyance at the closing. After paying off the mortgage balance on the house, as well as taxes, attorney fees, and miscellaneous expenses, Debtor had $23,268.78 remaining in sale proceeds. On August 26, 2021, six days after the sale of the house, Debtor filed a petition for Chapter 7 bankruptcy relief. On her Schedule C, Debtor opted to use the federal exemptions, and claimed a homestead exemption, under 11 U.S.C. § 522(d)(1), in $23,268.78 of the proceeds from the sale of 242 Lakewood. Also on Schedule C, the Debtor reported that the proceeds from the sale were put into an "escrow account held by Wilkey & Wilson PSC." [D.E. 1 at 29].

1

On October 19, 2021, Trustee filed the Objection, contending that Debtor cannot claim a homestead exemption because "[o]n the day she filed her bankruptcy, the Debtor did not have any ownership interest in the house and lot . . . and thus it was not property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)." [D.E. 13 at 1]. Debtor responded to the objection, [D.E. 20], acknowledging that "[p]rior to filing bankruptcy, [Debtor] sold her home," but cited authority which held that, under Kentucky exemption law, the proceeds from the transfer of exempt assets may retain their exempt status if those proceeds can be traced and identified. *See United States v. Robinson*, No. 3:13-CV-27-GFVT, 2016 WL 3041879 (E.D. Ky. May 26, 2016) (court addressed whether the exempt status under KRS 427.150 follows funds from a 401(k) account when liquidated and deposited into a personal checking account in a spouse's name); *In re Powell*, 173 B.R. 338 (Bankr. E.D. Ky. 1994) (court examined whether a debtor could exempt their homestead under Kentucky's homestead exemption statute absent a foreclosure or other involuntary sale, prior to Kentucky's 2005 adoption of the federal exemptions); *Matthews v. Lewis*, 617 S.W.2d 43 (Ky. 1981) (court held that, unless they provided clearly to the contrary, Kentucky's exemption statutes, including KRS 342.180, extended protection to deposits in bank accounts so long as those deposits could have been identified as, or traced to, payments of exempt funds.).

The Court held a hearing on November 10, 2021, and heard arguments from both parties regarding the Objection. One week later, the Court entered an Order, [D.E. 25], providing that both Trustee and Debtor's counsel shall have additional time to file supplemental memorandums of law explaining what authority, if any, would allow the Debtor to exempt the proceeds from the prepetition sale of her home under Section 522(d)(1). Debtor and Trustee have since filed their supplemental memorandums, [D.E. 26, 27], and the matter now stands submitted for resolution.

In Debtor's [D.E. 26] supporting memorandum, she primarily seeks to distinguish the cases upon which Trustee's original objection relies.[1] Debtor concludes that "[n]either case cited by the trustee is on point with the question before the court," [*Id.* at 2], before citing a series of early Kentucky state court cases for the proposition that "Kentucky law has been consistent from the outset that the conversion into cash of a homestead otherwise exempt does not destroy the right to claim a homestead exemption." [*Id.* at 4]. Trustee's [D.E. 27] memorandum meanwhile cites more contemporary case law, *see In re Murdock*, No. 07-61934, 2008 WL 728879, at *4 (Bankr. N.D.N.Y. Mar. 17, 2008) (court sustained Trustee's objection to the debtor's homestead exemption claim in the proceeds from the prepetition sale of debtor's farm), and underscores that nearly all cases to which Debtor cites "are based on the use of the Kentucky exemption scheme pursuant to KRS 427,00 et. seq. [sic] and not the federal exemption scheme." [D.E. 27 at 1]. Trustee's memorandum further argues that the date of filing the petition determines the debtor's interest in real and personal property, a principal commonly referred to as the "snapshot" rule, meaning a debtor may only exempt property he or she owns as of the date of filing. *In re Yerian*, 927 F.3d 1223, 1229 (11th Cir. 2019) ("it is settled law that a claim of exemption is to be determined as of the petition date.").

\* \* \* \* \*

Based on the undisputed facts and applicable law, this Court has determined that, by the time Debtor filed her chapter 7 petition on August 26, 2021, she had transferred 242 Lakewood.

---

[1] Trustee cited *In re Eagle*, 373 B.R. 609, 611 (B.A.P. 8th Cir. 2007), where the Eighth Circuit Bankruptcy Appellate Panel upheld the Trustee's objection to the Debtor's homestead exemption claim in real property he transferred two days prior to the petition date. Debtor contends *Eagle* "does not address the question of whether or not exempt property maintains its exempt status once the physical asset is converted into sale proceeds," since the "debtor in *Eagle* simply converted an exempt asset into a nonexempt asset." [D.E. 26 at 1–2]. Likewise, Debtor argues that *In re Breece*, 487 B.R. 599 (B.A.P. 6th Cir. 2013) "turned on the interpretation of Ohio law as to what interest the members of an LLC had in property owned by the LLC." [D.E. 26 at 2].

3

Therefore, Debtor did not have any interest in her former residence once she filed bankruptcy and could no longer claim a homestead exemption in that property, or in the sale proceeds.

Simply put, the Court agrees with Trustee that there is no language in in 11 U.S.C. § 522(d)(1) that would permit the exemption of the proceeds from the prepetition sale of the Debtor's homestead. In relevant part, §522(d)(1) provides for an exemption in "the debtor's aggregate interest, not to exceed $25,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence." – The language of the Code is clear and unambiguous in this instance, vesting no exemption power in the ***proceeds*** arising out of the pre-petition sale of a debtor's homestead. *See In re Healy*, 100 B.R. 443, 445 (Bankr. W.D. Wis. 1989) (holding that "the exemption laws of many states, including Wisconsin, exempt proceeds from the sale of a homestead. There is, however, no equivalent language in section 522(d)(1), and none can be inferred."); *In re Lawrence*, 469 B.R. 140, 142 (Bankr. D. Mass. 2012) (the court found that for the homestead exemption to apply, "usage [of a residence] must transcend the petition date or at least exist as of the petition date"); *In re Boward*, 334 B.R. 350, 352 (Bankr. D. Mass. 2005) ("The statutory language is free of ambiguity and plain in its meaning: the debtor must be residing in the property at the time of the commencement of the bankruptcy case").

This Court "must presume that a legislature says what it means and means what it says," *Lowe v. Ransier* (*In re Nicole Gas Prod.*), 581 B.R. 843, 849 (B.A.P. 6th Cir. 2018) (citing *Norfolk S. Ry. Co. v. Perez*, 778 F.3d 507, 512 (6th Cir. 2015)), and under a plain reading of the exemption statute, there is no language whatsoever to suggest that proceeds from a homestead's prepetition sale may be exempted. Based on the parties' supporting memoranda, the Court finds that Debtor has ultimately failed to provide any authority to support her claim for a § 522(d)(1) exemption in the proceeds from the prepetition sale of her home.

The parties do not dispute the well-settled notion that state and federal exemptions, in those states where both are made available to debtors, are mutually exclusive. That is, once the debtor has opted for one set of exemptions, they cannot benefit from the other. *See, e.g.*, *In re Shy*, No. 14-11216(1)(7), 2020 Bankr. LEXIS 1953, at *1 (Bankr. W.D. Ky. July 23, 2020) (Debtor could not rely on the federal homestead exemption amount when he did not claim the federal exemption in his motion to avoid lien but rather relied upon the Kentucky homestead exemption). Debtor's supporting memorandum in fact seems to acknowledge this fundamental rule: "Section 522(b)(1), on the other hand, specifically authorizes debtors to choose exemptions either from the list of property set out in section 522(d), or applicable nonbankruptcy law, both state and federal." [D.E. 26 at 2] (citing Collier on Bankruptcy, Section 522.02[1]). Nor do the parties dispute that Kentucky has "opted in" to the federal exemptions, which are available to debtors in this state.[2]

It follows that, because Debtor clearly chose to use the federal exemptions in her bankruptcy petition, [D.E. 1 at 29], the state exemptions are rendered inapplicable, as is any authority relied upon by Debtor exclusively rooted in state exemption-based issues. For example, Debtor's *Robinson* case deals with KRS 427.150(2)(e)-(f), and specifically, how that subsection includes an exemption allowed for pensions and various types of retirement accounts, including 401(k) accounts. *Robinson*, 3:13-CV-27-GFVT, 2016 WL 3041879 (E.D. Ky. May 25, 2010). Not only does *Robinson* deal with state exemptions rather than federal ones, but the outcome of that case was also based on the ownership of the funds rather than whether the funds' exempt status survived the transfer. *Id.* at 3 ("Put simply, the United States has not shown that the funds in Mrs. Robinson's account actually belong to the Defendant, precluding any argument over the transfer

---

[2] *MPM Fin. Grp., Inc. v. Morton*, 289 S.W.3d 193, 196 (Ky. 2009) (in 2005, "the [Kentucky] legislature passed a revision of KRS 427.170 which simply deleted the word 'not' from the statute, thereby converting Kentucky from an 'opt-out' state to an 'opt-in' state with respect to the exemptions provided by 11 U.S.C. § 522(d).").

5

of the exempt status."). Likewise, Debtor's *In re Powell* case deals with involuntary sales of property and precedes Kentucky's adoption of the federal exemptions in 2005. *Powell*, 173 B.R. 338 (Bankr. E.D. Ky. 1994).

The authority in Debtor's [D.E. 26] supporting memorandum similarly falls short. Debtor's *In re Leicht* case involves a debtor who "indicate[d] their choice to utilize Massachusetts state exemption rights," *Bruin Portfolio, LLC v. Leicht* (*In re Leicht*), 222 B.R. 670, 672 (B.A.P. 1st Cir. 1998), while the remainder of cases in Debtor's supporting memorandum mostly date back to the early twentieth century,[3] predating both the Bankruptcy Code and Kentucky's adoption of the federal exemptions by multiple decades. Although Debtor's memorandum makes efforts to distinguish and undercut Trustee's cases, Debtor is equally unable to cite any authority in support of her position that, in the context of federal exemptions, proceeds from a prepetition property sale maintain their exempt status under the Bankruptcy Code.

This Court ultimately concurs with Trustee that the "snapshot rule" generally applies to prevent Debtor from exempting proceeds from her prepetition sale. The U.S. Supreme Court first recognized the snapshot rule's application for homestead exemptions in *White v. Stump*, 266 U.S. 310, 313 (1924) (explaining that "the point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed."). *Id.; See also In re Montanez*, 2020 Bankr. LEXIS 905, at *5-6 (Bankr. N.D. Ill. Apr. 1, 2020) (discussing the "snapshot" rule and its origins). The Supreme Court later affirmed the principle "that the bankrupt's right to a homestead exemption becomes fixed at the date of the filing of the petition in bankruptcy and cannot thereafter be enlarged or altered by anything the bankrupt may do." *In re Montanez* at *5-

---

[3] Debtor's supporting memorandum cites *In re Goetz*, 28 F. Supp. 689 (W.D. Ky. 1939); *Brewer v. Brewer*, 268 Ky. 625, 105 S.W.2d 582 (1937); *Richardson v. Richardson*, 252 Ky. 235, 67 S.W.2d 7 (1934); *Williams v. Evans' Adm'R*, 247 Ky. 105, 56 S.W.2d 710 (1933). In re Powell, 173 B.R. 338, 341 (Bankr. E.D. Ky. 1994).

6, citing *Myers v. Matley*, 318 U.S. 622, 628 (1943). Applying the "snapshot rule" to the facts here, it is clear that the Debtor *completed* the transfer of 242 Lakewood prior to seeking bankruptcy relief, and thus on the date of her petition, she did not have a homestead to which she could apply the §522(d)(1) exemption.

Finding no authority to support Debtor's proposition that the proceeds from the prepetition sale of her house and lot retain their exempt status, the Court will sustain Trustee's objection and deny the exemption.

For all of the foregoing reasons, this Court **SUSTAINS** the objection of the Chapter 7 Trustee, finding that Debtor cannot claim a homestead exemption in the $23,268.78 realized following the prepetition sale of the house and lot.