RECOMMENDED FOR PUBLICATION

File Name: 22b0004p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

_____

IN RE:  KATHY ELLEN RICHARDS,

*Debtor*.

No. 22-8002

Appeal from the United States Bankruptcy Court
for the Western District of Kentucky at Owensboro.
No. 4:21-bk-40438—Charles R. Merrill, Judge.

Argued:  May 17, 2022

Decided and Filed:  August 25, 2022

Before: BAUKNIGHT, DALES, and GUSTAFSON, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ARGUED:**  Russ Wilkey, WILKEY & WILSON, P.S.C., Owensboro, Kentucky, for Appellant.
Mark Little, THE LAW OFFICES OF MARK LITTLE, Madisonville, Kentucky, for Appellee.
**ON BRIEF:**  Russ Wilkey, WILKEY & WILSON, P.S.C., Owensboro, Kentucky, for
Appellant.  Mark Little, THE LAW OFFICES OF MARK LITTLE, Madisonville, Kentucky, for
Appellee.

_____

## OPINION

_____

JOHN P. GUSTAFSON, Bankruptcy Appellate Panel Judge.  This appeal concerns the
"uses as a residence" requirement in 11 U.S.C. § 522(d)(1).[1]  Kathy Ellen Richards ("Debtor")
appeals from the bankruptcy court's order sustaining an objection to a claimed exemption in
$23,298.78 that was held in escrow when Debtor filed her bankruptcy petition.  Debtor claimed

_____

[1]Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C.
§§ 101–1532.

No. 22-8002                              *In re Richards*                              Page 2

the funds as exempt pursuant to § 522(d)(1).  The Trustee, Mark Little ("Trustee"), objected because although the funds are directly traceable proceeds of Debtor's prepetition sale of her residence, the proceeds were not being "used as a residence" at the time the petition was filed.[2] The bankruptcy court sustained Trustee's objection, holding that the plain language of § 522(d)(1) does not apply to proceeds from a prepetition sale of a residence.  The Panel **AFFIRMS**.

## ISSUE ON APPEAL

The Debtor's sole issue on appeal is "[w]hether or not the bankruptcy court erred when it held that 11 U.S.C. § 522(d)(1) does not permit the exemption of the proceeds from the pre-petition sale of the Debtor's homestead."  (Appellant's Statement of Issues on Appeal, Bankr. Case No. 21-40438, ECF No. 41.)

Trustee raises a jurisdictional issue, asserting that this appeal is moot because Debtor amended her Schedule C to add a claim that the proceeds from the sale are exempt under the "wildcard" exemption found in § 522(d)(5).  Accordingly, Trustee argues that a ruling on whether the exemption under § 522(d)(1) is available would be an advisory opinion.

## JURISDICTION AND STANDARD OF REVIEW

Under 28 U.S.C. § 158(a)(1), the Panel has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by a bankruptcy court.  "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686, 1691 (2015)).  "An order sustaining a trustee's objection to debtor's claim of exemptions is a final, appealable order." *In re Zingale*, 451 B.R. 412, 414 (B.A.P. 6th Cir. 2011) (determining that the order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989))), *aff'd*

---

[2]Although this Panel will not refer to "homestead" and "residence" as interchangeable terms under § 522(d)(1), any quoted material that references the term "homestead" in place of the term "residence" set forth in § 522(d)(1) has not been altered or displaced.

*on other grounds*, 693 F.3d 704 (6th Cir. 2012); *see also In re Aubiel*, 534 B.R. 300, 301–02 (B.A.P. 6th Cir. 2015) (holding that an order sustaining or overruling an objection to a debtor's claim of exemption is a final order); *Menninger v. Schramm* (*In re Schramm*), 431 B.R. 397, 399 (B.A.P. 6th Cir. 2010) (same); *Wicheff v. Baumgart* (*In re Wicheff*), 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998) (same).

"A debtor's entitlement to a bankruptcy exemption most often involves a legal question and is reviewed de novo, except where facts are in dispute." *Aubiel*, 534 B.R. at 302 (citation omitted). This appeal, however, does not involve any factual dispute. "De novo review requires the Bankruptcy Appellate Panel to interpret statutes independently of the determination of the bankruptcy court." *I.R.S. v. Juntoff* (*In re Juntoff*), 636 B.R. 868, 872 (B.A.P. 6th Cir. 2022).

In his brief, Trustee asserts that this appeal is moot because after the bankruptcy court entered the order sustaining Trustee's objection to Debtor's exemption, Debtor amended her exemptions by claiming the "wildcard" exemption in § 522(d)(5) to exempt $10,698.00 of the proceeds. She then remitted the remaining $12,570.78 to the Trustee. Accordingly, Trustee asserts there is not a live case and controversy. *See In re Hake*, 398 B.R. 892, 899 (B.A.P. 6th Cir. 2008) ("This court determine[s] mootness 'by examining whether an actual controversy between the parties exists in light of intervening circumstances.'" (quoting *Fleet Aerospace Corp. v. Holderman*, 848 F.2d 720, 723 (6th Cir. 1988))), *aff'd*, 348 F. App'x 80 (6th Cir. Aug. 14, 2009).

At the outset, the Panel must address Trustee's argument that this appeal is moot because mootness in the Article III sense implicates a federal court's jurisdiction. Because we conclude that a live controversy continues to exist and we can grant effective relief based on the record before us, we reject Trustee's suggestion of mootness, constitutional or otherwise.

As Trustee acknowledged during oral argument, he is holding a substantial portion of the proceeds from the sale of Debtor's former residence and has postponed filing his final report pending the Panel's decision on this appeal. As a result, the Panel could, if it were so inclined, grant Debtor effective relief at least with respect to the proceeds Trustee is holding. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019) (finding that an

appellate court may dismiss a case for mootness only if "it is impossible for a court to grant any effectual relief whatever" to the appellant, assuming it prevails).

Trustee's argument that Debtor waived her right to challenge the bankruptcy court's decision by amending Schedule C to claim the "wildcard" exemption under § 522(d)(5) presents a closer question, but ultimately lacks merit under the circumstances of this case. First, Debtor's vigorous prosecution of the appeal belies any notion that she intended to waive her claim of exemption under § 522(d)(1). Second, the amended exemption document (entered on the bankruptcy court docket at ECF No. 34) could be viewed as an attempt to supplement, not supplant, Debtor's exemption claims. Debtor did not restate all her claimed exemptions using the Official Form; instead, she filed an attorney-prepared document indicating that she "omitted" her claim under § 522(d)(5) from the original iteration of Schedule C.[3]

Debtor's post-decision amendment to Schedule C is not so inconsistent with her exemption claim under § 522(d)(1) as to warrant a finding of waiver under the circumstances. The better reading of the record as a whole is that, in filing the amendment, Debtor endeavored to comply with the bankruptcy court's order pending appeal, as her counsel asserted during the oral argument before the Panel. The Supreme Court recently stated that compliance with a bankruptcy court's decision pending appeal does not moot the case if it remains possible on appeal, as it does here, to "undo the effects of compliance." *Mission Prod. Holdings, Inc.*, 139 S. Ct. at 1660–61 (quoting 13B Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3533.2.2, p. 852 (3d ed. 2008)). As the Panel views the record, the relief Debtor requests

---

[3]Indeed, Debtor's "Amendment to Schedules" provides the following:

Comes now the debtor and states through error and inadvertence the following was omitted from her bankruptcy petition:

AMENDED SCHEDULE C:

proceeds of sale of house put into escrow account held by Wilkey & Wilson PSC, value $23,268.78, exempt under 11 U.S.C. § 522(d)(5) for $10,698.00

(Am. Schedules C, Bankr. Case No. 21-40438, ECF No. 34.)

No. 22-8002                        *In re Richards*                        Page 5

would not be merely advisory but would, if granted, require Trustee to disburse the remaining proceeds to Debtor.  Accordingly, the appeal is not moot.[4]

## FACTS

Turning to the merits of the appeal, the underlying facts are not in dispute.

Debtor sold her home six days before filing a chapter 7 bankruptcy petition.  The sale of the home netted $36,793.60, which Debtor placed into escrow with the law firm Wilkey & Wilson, PSC. Wilkey & Wilson, PSC represents Debtor in her bankruptcy proceeding.  Debtor disclosed the sale of her residence on her Statement of Financial Affairs and provided a copy of the escrow ledger to Trustee.

Debtor claimed the federal exemptions pursuant to § 522(b)(2).  She asserted that the proceeds from the sale of her home are exempt under § 522(d)(1) as proceeds from the sale of Debtor's residence.  The chapter 7 Trustee filed an objection to the claimed exemption.

The parties' initial briefing before the bankruptcy court reflected an agreement as to the facts, but a dispute as to whether Debtor's federal exemption claim should be allowed. Following briefing, the bankruptcy court held a hearing and required additional briefing on the legal issues.  After briefing was complete, the bankruptcy court entered an order sustaining Trustee's objection to the claimed exemption, finding:

> [T]here is no language in 11 U.S.C. § 522(d)(1) that would permit the exemption of the proceeds from the prepetition sale of the Debtor's homestead.  In relevant part, § 522(d)(1) provides for an exemption in "the debtor's aggregate interest, not

---

[4]During oral argument, the Panel asked Trustee to address the distinction between one of the alternatives for obtaining appellate review in a bankruptcy proceeding identified by the Supreme Court in *Bullard v. Blue Hills Bank*, 575 U.S. 496, 507, 135 S. Ct. 1686, 1695 (2015)—a debtor proposing an amended plan under protest and then appealing its confirmation—and a debtor amending Schedule C to claim the "wildcard" exemption after an objection to a separate exemption has been sustained.  Courts have held that this alternative identified by the Supreme Court (after denial of confirmation, proposing an amended plan and then appealing its confirmation) does not prevent a debtor from seeking appellate review partly because the reviewing court can provide a debtor with effective relief. *See*, *e.g.*, *Zahn v. Fink* (*In re Zahn*), 526 F.3d 1140, 1142–44 (8th Cir. 2008) (recognizing that a debtor who proposes and objects to his own plan may be an aggrieved party with standing to appeal confirmation of such plan); *Giesbrecht v. Fitzgerald* (*In re Giesbrecht*), 429 B.R. 682, 689 (B.A.P. 9th Cir. 2010) (holding debtor had standing to appeal from an order confirming her own plan).  Additionally, during oral argument, this Panel asked Trustee whether his argument distinguished between waiver and mootness.  Trustee's response was that the focus of his argument was on mootness.  For the reasons stated above, the appeal is not moot.

> to exceed $25,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence." – The language of the Code is clear and unambiguous in this instance, vesting no exemption power in the **proceeds** arising out of the prepetition sale of a debtor's homestead. *See In re Healy*, 100 B.R. 443, 445 (Bankr. W.D. Wis. 1989) (holding that "the exemption laws of many states, including Wisconsin, exempt proceeds from the sale of a homestead. There is, however, no equivalent language in section 522(d)(1), and none can be inferred."); *In re Lawrence*, 469 B.R. 140, 142 (Bankr. D. Mass. 2012) (the court found that for the homestead exemption to apply, "usage [of a residence] must transcend the petition date or at least exist as of the petition date"); *In re Boward*, 334 B.R. 350, 352 (Bankr. D. Mass. 2005) ("The statutory language is free of ambiguity and plain in its meaning: the debtor must be residing in the property at the time of the commencement of the bankruptcy case").

*In re Richards*, No. 21-40438-CRM, 2022 WL 99503, at *2 (Bankr. W.D. Ky. Jan. 10, 2022) (alteration in original).

## DISCUSSION

Generally, courts construe exemptions liberally in favor of debtors. *In re Demeter*, 478 B.R. 281, 286 (Bankr. E.D. Mich. 2012). A party objecting to a claimed exemption bears the burden of proving, by a preponderance of the evidence, that "the exemptions are not properly claimed." *See* Fed. R. Bankr. P. 4003(c). Unless a state has opted out, the Bankruptcy Code allows a debtor to choose between either the federal exemptions provided in the Bankruptcy Code or exemptions allowed under state law, but not both. *See Raynard v. Rogers* (*In re Raynard*), 354 B.R. 834, 838 (B.A.P. 6th Cir. 2006) ("In those states . . . that have not opted out of the federal bankruptcy exemptions, debtors are free to choose between two sets of exemptions provided by the Bankruptcy Code[.]"). Here, Debtor chose the federal exemptions. "Unlike some state homestead exemptions, section 522(d)(1) does not expressly exempt proceeds from the prepetition sale of homestead property." 4 Collier on Bankruptcy ¶ 522.09[1] (16th ed. 2022); *accord In re Healy*, 100 B.R. at 445.

Section 522(d)(1) provided,[5] in relevant part, an exemption for:

> The debtor's aggregate interest, not to exceed $25,150 in value, in real property or personal property that the debtor or a dependent of the debtor *uses as a residence*, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

11 U.S.C. § 522(d)(1) (emphasis added). Debtor claimed this exemption for the proceeds from the prepetition sale of her residence. Trustee objected, asserting that the exemption may only be claimed in property a debtor or dependent is **using as a residence**. The bankruptcy court agreed, holding that money sitting in an account is not being **used as a residence**.

The Supreme Court has adopted the "plain meaning" approach as the standard for statutory construction. *See United States v. Ron Pair Enters., Inc*., 489 U.S. 235, 240–42, 109 S. Ct. 1026, 1030–31 (1989) ("[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute."); *Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 194 (1917) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms.").

Debtor attempts to overcome the plain language of § 522(d)(1) by urging the Panel to look at state law.[6] Debtor asserts that "the federal bankruptcy code does not define 'homestead' or 'proceeds', but rather relies on the law of the state where the debtor lives." (Appellant's Br. at 25.) Citing Kentucky Revised Statute § 427.170, Debtor argues that "Kentucky courts . . . have found that exempt property converted to another form maintain that same exempt status, provided that the proceeds are traceable." (Appellant's Br. at 20.) Debtor cites cases decided under Kentucky's exemption statute. *See, e.g., United States v. Robinson*, No. 3:13-CV-27-GFVT, 2016 WL 3041879, at *3 (E.D. Ky. May 26, 2016) (addressing proceeds from liquidation of a 401(k) account and citing cases for the general proposition that funds traceable to exempt

---

[5]The bankruptcy court entered the order sustaining Trustee's objection when the dollar amount reflected in § 522(d)(1) was $25,150. However, § 522(d)(1) was adjusted to $27,900 effective April 1, 2022.

[6]In asking the Panel to bypass the statutory text and look at applicable state law to determine what constitutes a "residence" under § 522(d)(1), Debtor cites, among other cases, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938), and *Butner v. United States*, 440 U.S. 48, 99 S. Ct. 914 (1979). (Appellant's Br. at 12.) For the reasons below, we find no reason for departing from the plain meaning of the statute.

funds retain their status). Debtor also argues that the Kentucky Court of Appeals has held that when a person is entitled to a homestead, the fact that the property is indivisible and must be converted into cash does not destroy the right to the homestead exemption. (Appellant Br. at 25 (citing *John Staun & Co. v. Proctor*, 153 S.W. 196 (Ky. 1913); *Roberts v. Adams*, 96 S.W. 554 (Ky. 1906)).)

This Panel must dismiss Debtor's argument under Kentucky law. Debtor opted to use the federal exemptions. Section 522(d), not Kentucky law, sets forth what property may be claimed as exempt in this case. Thus, Kentucky law is inapplicable under these facts.

For the reasons discussed below, the Panel rejects Debtor's argument that the exemption under § 522(d)(1) can attach to proceeds from a prepetition residential sale.

In the present case, Trustee argues, and the bankruptcy court held, that Debtor was not entitled to claim an exemption under § 522(d)(1) because at the time the petition was filed, she was not using the property as a residence. A "debtor may claim only those exemptions available at the time of the bankruptcy petition filing[.]" *Holley v. Corcoran* (*In re Holley*), 661 F. App'x 391, 395 (6th Cir. Oct. 25, 2016) (citing *In re Wengerd*, 453 B.R. 243, 250 (B.A.P. 6th Cir. 2011) (citing *White v. Stump*, 266 U.S. 310, 313, 45 S. Ct. 103, 104 (1924))). Thus, the proceeds could not "retain" exempt status because, at the time of filing, there was no property being used as a residence to claim as exempt. Instead, there were only funds held in escrow. Debtor acknowledges that none of the case law cited holds that the proceeds of the pre-bankruptcy sale of a residence can be claimed as exempt under the federal statute.

In addition to the argument that state law would allow an exemption under § 522(d)(1) to apply to traceable proceeds, Debtor also asserts that the bankruptcy court focused "too narrowly" on the "use as a residence" requirement of the statute. Instead, Debtor asserts that the phrase "aggregate interest" intends to "encompass more than a physical structure." (Appellant's Br. at 20.) Debtor refers to the purpose of the Bankruptcy Code to give a debtor a fresh start and the directive to construe exemptions liberally in favor of the debtor as further support for the argument that the proceeds of a residence sold prepetition can be held exempt under the federal exemption provision.

No. 22-8002                                 *In re Richards*                                    Page 9

The Panel does not find Debtor's arguments persuasive.  As Trustee argued and the bankruptcy court held, the statutory language is plain.  Section 522(d)(1) applies to property that the debtor "uses" as a "residence."  The debtor must be residing in the property at the time of the commencement of the bankruptcy case to claim this exemption pursuant to § 522(d)(1).[7]  In this case, Debtor did not "use" the property "as a residence" as § 522(d)(1) requires.

> While the Bankruptcy Code does not define "residence," the term is not ambiguous.  According to Black's Law Dictionary a residence is "the place where one actually lives," and elaborates that a person thus may have "more than one residence at a time."

*In re Lawrence*, 469 B.R. at 142 (citation omitted).  We "must presume that [the] legislature says in a statute what it means and means in a statute what it says there."  *Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478, 2482 (2005) (alteration in original) (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149 (1992)).

This Panel agrees with the result in *Healy*, which directly addressed this issue and held § 522(d)(1) does not provide for an exemption in the proceeds of the sale of a residence. 100 B.R. at 445; *accord Hoffman v. Cent. Pa. Nat'l Bank* (*In re Hoffman*), 96 B.R. 46, 49 (Bankr. W.D. Pa. 1988) ("The debtor is not trying to recover the house.  Nor does he allege that the property (money from the sale) is used as a residence.  Because neither the debtor nor a dependent use the proceeds as a residence, the homestead exemption is not available."); 9A Am. Jur. 2d *Bankruptcy* § 1429, Westlaw (database updated August 2022) ("The federal homestead

---

[7]It should be noted that the "plain meaning" interpretation of this statute does not necessarily favor either debtors or creditors.  For example, there is a split of authority as to whether a state law definition of "homestead" should be read into § 522(d)(1) to limit the exemption—disallowing an exemption in property that is used as a residence, but which is not used as debtor's principal residence.  *Compare In re Demeter*, 478 B.R. at 286–88 (rejecting the chapter 7 trustee's argument to limit the word "residence" under § 522(d)(1) to what is a "homestead" under state law), *with In re Stoner*, 487 B.R. 410, 417–21 (Bankr. D.N.J. 2013) (sustaining the chapter 7 trustee's objection after looking at state law interpretations of the term "homestead" to determine the meaning of "residence" under § 522(d)(1)).  That issue is not before this Panel, but we note, as the *Lawrence* court did, that Congress used the term "debtor's primary residence" in § 707(b)(2)(A)(iii)(II).  *In re Lawrence*, 469 B.R. at 142 n.2.  In addition, the term "debtor's principal residence" is a defined term in the Bankruptcy Code, § 101(13A), that is used to limit mortgage modifications under § 1322(b)–(c), and in a homestead limitation under § 522(p).  *Id.* at 141–42.  Finally, Congress used the term "principal residence of the debtor" in § 524(j)(1) and § 1190(3).  Congress did not use any of those more limiting "residence" terms in § 522(d)(1).

exemption does not provide an exemption for the proceeds of the sale of a homestead." (footnote omitted)).[8]

The broader case law also supports denial of the claimed exemption. Several courts have held that one of the requirements for eligibility under § 522(d)(1) is that the debtor presently "uses" the property as a residence. *In re Tankersley*, 575 B.R. 848, 861–65 (Bankr. E.D. Ark. 2017); *In re Demeter*, 478 B.R. at 286–88; *In re Lawrence*, 469 B.R. at 142 ("The Code speaks in the present tense which indicates that usage must transcend the petition date or at least exist as of the petition date. Thus, where a debtor had never used a residence prior to filing, bankruptcy courts have held that the residence may not be exempted under § 522(d).");  *In re Gandy*, 327 B.R. 807, 809–10 (Bankr. S.D. Tex. 2005); *cf. Lubin v. Mason* (*In re Mason*), 607 B.R. 360, 365–66 (Bankr. N.D. Ga. 2019) (analyzing identical language under Georgia's exemption statute); *In re Cole*, 185 B.R. 95, 97–98 (Bankr. D. Me. 1995) (analyzing identical language under Maine's exemption statute). This additional case law supports the bankruptcy court's order sustaining Trustee's objection and the denial of the claimed exemption.

Looking at the cases where the "residence" requirement has been in issue, the grounds for equitably expanding[9] what constitutes a "residence" do not apply here. For example, courts have held that when a debtor has used a property as a residence but is not residing there at the time of filing, that in addition to a self-serving statement of intent to return, the debtor must also demonstrate a meaningful ability to occupy the property imminently or within a reasonable time. *See Sikirica v. Yanovich* (*In re Yanovich*), 544 B.R. 306, 312 (Bankr. W.D. Pa. 2016) (quoting *In re Bennett*, 192 B.R. 584, 588 (Bankr. D. Me. 1996)). Here, the property was sold prior to filing, so Debtor has no meaningful ability to occupy the property in the future, and she presented no evidence of either intent or ability to the trial court.

---

[8]Of course, when a residence is claimed as exempt under § 522(d)(1), a postpetition sale of the residence and retention of the proceeds does not affect its exempt character under § 522(d)(1). *In re Sparks*, No. 09-30238-H3-7, 2009 WL 2824868, at *2 (Bankr. S.D. Tex. Aug. 31, 2009).

[9]We are not expressing any view on the cited case law interpreting the meaning of "residence" using constructive occupancy concepts. Even if these equitable expansions of the residence exemption are applicable, they are not applicable to the denial of Debtor's § 522(d)(1) exemption based on the record in this case.

More directly applicable to this case is the discussion in *Healy* regarding how the use of the proceeds might equate to "constructive occupancy."  100 B.R. at 445.  The *Healy* court stated that "any claimed exemption in the proceeds must be denied when, as in this case, there is no evidence that the proceeds were intended to be reinvested in a new residence which the Healys planned to occupy."  *Id.*  Again, if this type of constructive occupancy argument were to be viable, it would fail when—as is the case here—no evidence was presented to the trial court regarding reinvestment of the proceeds in a new residence that Debtor intended to occupy.

Further, Debtor's argument runs afoul of the Supreme Court's directive that "'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code."  *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 1194–95 (2014) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S. Ct. 963, 969 (1988)).  Specifically, the Supreme Court noted that "§ 522 does not give courts discretion to grant or withhold exemptions based on whatever consideration they deem appropriate.  Rather, the statute exhaustively specifies the criteria that will render property exempt."  *Id.* at 423–24, 134 S. Ct. at 1196.  Here, the Bankruptcy Code only grants an exemption in property the debtor or a dependent "uses as a residence."  An expansion of that exemption to include sale proceeds is for Congress, not the courts.

Finally, the use of equity to expand the scope of § 522(d)(1) is particularly inappropriate where Congress has provided an alternative when that exemption is not available: § 522(d)(5).  Section 522(d)(5) enables certain debtors to exempt up to $13,950 in "any" property.  This enhanced exemption can be taken if and only if a debtor has "any unused amount of the exemption provided under" § 522(d)(1).  Accordingly, in striking this balance, Congress gave certain debtors, such as non-homeowners, the opportunity to claim an increased exemption.  *See Law*, 571 U.S. at 424.  When Congress has explicitly enumerated certain exceptions to a general prohibition, additional exceptions are not to be implied.  *See id.* ("The Code's meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions.").  Thus, Congress's decision to give certain debtors an enhanced exemption for any unused amount of the

residency exemption is another reason why we may not look to other law or use equitable powers to expand § 522(d)(1) to include proceeds.

For these reasons, we conclude the language in § 522(d)(1) does not permit Debtor to exempt the proceeds from the prepetition sale of her former residence.

**CONCLUSION**

Section 522 allows an exemption in real or personal property being used as a residence. The funds held in escrow were not being used as a residence at the time the bankruptcy petition was filed.  Kentucky law allowing for an exemption in proceeds is not applicable because Debtor chose the federal exemptions.  Simply, this Panel cannot extend the exemption scheme beyond what is provided for by the Bankruptcy Code.  The bankruptcy court's order sustaining the Trustee's objection is **AFFIRMED**.

BANKRUPTCY APPELLATE PANEL
OF THE SIXTH CIRCUIT

No. 22-8002

IN RE:  KATHY ELLEN RICHARDS,

    Debtor.

FILED
Aug 25, 2022
DEBORAH S. HUNT, Clerk

Before:  BAUKNIGHT, DALES, and GUSTAFSON, Bankruptcy Appellate Panel Judges.

## JUDGMENT

On Appeal from the United States Bankruptcy Court
for the Western District of Kentucky at Owensboro.

    This cause having been submitted upon the record of the bankruptcy court proceedings and the briefs and arguments of the parties, it is the judgment of the Bankruptcy Appellate Panel that judgment of the Bankruptcy Court is AFFIRMED as set forth in the opinion filed contemporaneously with this judgment.

**FOR THE PANEL**

Deborah S. Hunt, Clerk